Nott, J.,
delivered the opinion of the court:
This is a motion, in the nature of a writ of interpleader, made by the defendants.
Woodruff’s Gase is a proceeding under the abandoned and oap-tured property act, to recover the net proceeds of specified property held in trust by the defendants, for the benefit of the loyal owners thereof. Since the recent decision of the Supreme Court in Nelson Anderson’s Gase, I may speak more decidedly than I have felt at liberty to speak before, and sa.y that it is a suit in equity, relating to a fund in equity, and brought to enforce a trust.
Gamp’s Gase is ah action at law, founded on a contract for work and services rendered. It was brought the 13th April, 1869, after all suits under the Abandoned or captured property act were barred by the express words of the statute. The claimant does not profess to have been the owner of the captured property, nor to be entitled to the benefits of the trust.
Each part}*' also disclaims an interest in the same thing. Woodruff rests upon his equity in the proceeds of the captured property, and declines to take issue with Gamp. Gamp stands upon the terms of his express contract, and maintains his right to recover whether Woodruff fails or succeeds. His reference to the captured property is merely to fix the measure of his damages. Each claimant holds the defendants to a distinct and different liability. To the one, they stand as trustees; to the other, as contractors; to neither as stakeholders. Therefore there is no ground for interpleader, inasmuch as the actions are different in their nature, and the defendants occupy a different attitude toward each claimant.
But it by no means follows that the defendants are without redress. The suit of Gamp is in effect an action brought *647 against trustees, for services rendered to the trust estate. The cestui que trust cannot be required to litigate the claim in the stead of the trustees, but the trustees cannot be compelled to close up the trust estate with this suit against themselves or the estate outstanding. Gamp has brought his action before the trust estate is actually closed, though not within the two years prescribed by law for closing it, and it may be that he has a good and valid claim against the trust estate. The trustees should not he required to pay over all the proceeds to the cestui que trust, and then be held personally liable to Gamp ; nor should Gamp be left without redress if his claim be valid and his suit be not barred.
It is, perhaps, needless to add that this opinion does not adjudicate either case upon its own merits, but merely deals with them as they appear upon this motion.
The motion to interplead must be denied. But when the case of Woodruff shall be tried, if it shall then appear that this case of Gamp is still pending, proceedings upon the judgment will be stayed, or a decree directing payment of a part of the proceeds will be rendered, with leave to apply for an order directing the payment of the residue, if any, when the estate shall be finally closed.